MCGUIREWOODS LLP
Susan L. Germaise (SBN 176595)
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone: (310) 315-8200
Facsimile: (310) 315-8210

McGuireWoods LLP
Robert M. Tyler (*Admitted Pro Hac Vice*)
rtyler@mcguirewoods.com
William N. Federspiel (*Admitted Pro Hac Vice*)
wfederspiel@mcguirewoods.com
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
Telephone:  (804) 775-1000
Facsimile:   (804) 775-1061

Attorneys for Defendant General Nutrition Centers, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANEEN ANN REEVES,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL NUTRITION CENTERS, INC.,<br><br>Defendant. | CASE NO. SACV10-1653 JAK (FFMx)<br><br>Case Assigned to the Hon. John A. Kronstadt<br><br>**JUDGMENT** |

42356465.1

On March 19, 2012, the motion of Defendant GENERAL NUTRITION CENTERS, INC. ("GNC") for Summary Judgment, or in the alternative, partial summary judgment, came on regularly for hearing before the Honorable John A. Kronstadt, United States District Court Judge, in Courtroom 6. Robert Tyler and Susan Germaise appeared on behalf of GNC and Larry Severin appeared on behalf of Plaintiff Janeen Ann Reeves ("Plaintiff").

After full consideration of the evidence, and the authorities submitted by the parties, as well as counsel's oral argument, the Court finds there are no triable issues of material fact and Defendant's motion is hereby granted in its entirety on the following grounds:

1. GNC is entitled to judgment as a matter of law on Plaintiff's first claim for relief for trademark infringement, as consideration of each of the eight factors articulated in *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348 (9th Cir. 1979)) (the "Sleekcraft factors") evidences that Plaintiff has not met her burden to demonstrate through admissible evidence that there was a likelihood of confusion on the part of customers.

2. GNC is entitled to judgment as a matter of law on Plaintiff's second claim for relief for reverse confusion because there is no material dispute of fact as to whether there is a likelihood that GRAMSLAM customers will mistakeningly think that they are doing business with GNC, or that the GRAMSLAM diet program is affiliated with the 50 GRAM SLAM product. Given the absence of any likelihood of confusions, GNC is entitled to judgment.

3. GNC is entitled to judgment as a matter of law on Plaintiff's third claim for relief for counterfeiting because "GNC PRO PERFORMANCE 50 GRAM SLAM" is not identical or substantially indistinguishable from Plaintiff's Mark and GNC does not use the "50 GRAM SLAM" mark in connection with weight loss or diet planning services, for which Plaintiff's mark is registered, as would be required by 15 U.S.C. § 1116(d).

4. GNC is entitled to judgment as a matter of law on Plaintiff's fourth claim for relief for false designation of origin, as consideration of the *Sleekcraft* factors evidence that Plaintiff has not met her burden to demonstrate through admissible evidence that there was a likelihood of confusion on the part of customers.

5. GNC is entitled to judgment as a matter of law on Plaintiff's fifth claim for relief for federal unfair competition, as consideration of the *Sleekcraft* factors evidences that Plaintiff has not met her burden to demonstrate through admissible evidence that there was a likelihood of confusion on the part of customers.

6. GNC is entitled to judgment as a matter of law on Plaintiff's fifth claim for relief for state trademark infringement as that claim would also turn on the likelihood of confusion, and a consideration of the *Sleekcraft* factors evidences that Plaintiff has not met her burden to demonstrate through admissible evidence that there was a likelihood of confusion on the part of customers.

7. GNC is entitled to judgment as a matter of law on Plaintiff's seventh claim for relief for state unfair competition as that claim also turn on the likelihood of confusion, and a consideration of the *Sleekcraft* factors evidences that Plaintiff has not met her burden to demonstrate through admissible evidence that there was a likelihood of confusion on the part of customers.

Based upon the foregoing, it is hereby adjudged and decreed that Judgment be entered in favor of GNC and against Janeen Ann Reeves on each claims set forth in the Complaint and addressed herein.

Defendant may recover its reasonable costs according to proof.

IT IS SO ORDERED.

Dated: October 11, 2012

JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

42356465.1

2
JUDGMENT